UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

***********************************************************************

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 11-30159-RAL |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR BILL OF PARTICULARS |
| MICHAEL HEATH THETFORD, a/k/a Russ LNU, | |
| Defendant. | |

***********************************************************************

## SUMMARY

Michael Heath Thetford, a/k/a Russ LNU, has moved for a bill of particulars because he "feels he needs", and "believes he is entitled to[,] a more detailed notice of the indictment to effectively defend the charges [ ] against him." The Government opposes the motion, arguing that the Indictment is sufficient and that, given the discovery and other materials already provided to him and in plea papers he earlier signed, there is no need to disclose additional offense information. Because a bill of particulars is neither warranted nor appropriate under the circumstances, Thetford's Motion should be denied.

## DISCUSSION

Rule 7 of the Federal Rules of Civil Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the

offense[s] charged."[1] The indictment "must set forth in factual terms the elements of the offense[s] sought to be charged" and "must sufficiently apprise the defendant of what he must be prepared to meet."[2] "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense[s] charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow [him] to plead a conviction or acquittal as a bar to the subsequent prosecution."[3]

Rule 7(f) provides that a court may direct the Government to file a bill or particulars in addition to the issuance of an indictment. "The purpose of a bill of particulars is to inform the defendant of the nature of the charge[s] with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial."[4] The court has broad discretion in granting or denying a bill.[5]

---

[1] Fed. R. Crim. P. 7(c)(1).

[2] *United States v. Brown*, 540 F.2d 364, 371 (8th Cir. 1976) (*citing United States v. Debrow*, 346 U.S. 374, 376 (1953)).

[3] *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993), *cert. denied*, 513 U.S. 831 (1994); *see also United States v. Johnson*, 225 F.Supp.2d 982, 991-93 (N.D. Iowa 2002).

[4] *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011), *cert. denied*, 132 S.Ct. 1583 (2012); *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002), *cert. denied*, 537 U.S. 1134 (2003).

[5] *See United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993); *see also United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir.), *cert. denied*, 502 U.S. 813 (1991); *United States v. Key*, 717 F.2d 1206, 1210 (8th Cir. 1983).

A bill of particulars may not be used as a discovery tool or to obtain detailed disclosure of the Government's evidence and theories.[6] And even when an indictment is determined to be insufficient, no bill is required if the Government has provided the requested information through pretrial discovery or in some other satisfactory manner.[7]

The Indictment here contains the essential elements of the three offenses charged and puts Thetford on notice that he unlawfully possessed a firearm (as a consequence of being a prior convicted felon), impersonated a federal officer and stalked two named individuals, all during a five-day window period in late May, 2010. The Indictment also adequately protects Thetford's double jeopardy rights and informs him of the issues he will face at trial.[8]

Beyond this, Thetford has been furnished with extensive discovery – 11 compact discs and 1,525 numbered documents – of the specific conduct and facts surrounding the charges to enable him to prepare a defense.[9] What's more, he has been provided with

---

[6]*See Wessels*, 12 F.3d at 750; *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990).

[7]*See Huggans*, 650 F.3d at 1220; *United States v. Bradley*, CR. 09-50029-02-KES, 2010 WL 1409447 at *1 (D.S.D. Mar. 31, 2010); *United States v. Stockman*, CR. 09-50029-01-KES, 2010 WL 1409446 at *2, n. 2 (D.S.D. Mar. 31, 2010); *see generally* 1 Charles Allen Wright & Andrew D. Lipold, *Federal Practice and Procedure*, §130, n. 19 (4th ed. 2008 & 2013 Supp.)

[8]*See Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *United States v. Fleming*, 8 F.3d 1264, 1265-66 (8th Cir. 1993); *see also United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982).

[9]*See Huggans*, 650 F.3d at 1220; *Stephenson*, 924 F.2d at 761-62; *United States v. Maull*, 806 F.2d 1340, 1345-46 (8th Cir. 1986), *cert. denied*, 480 U.S. 907 (1987); *see also*

(continued...)

copies of the plea agreements he signed six months ago in this and a companion case in the Northern District of Alabama, and with a copy of his presentence investigation report in the latter case.[10] With this amount of discovery and the supplemental materials made available to him, Thetford has what he needs to fill in the necessary details and thus avoid any prejudicial surprise at the time of trial.

## CONCLUSION

The Indictment in this case is legally sufficient and fairly advises Thetford of the criminal charges against him. He has also received voluminous discovery and been made aware, through other documents he signed, read and went over with counsel, that inform him of what he supposedly did wrong. Exercising its discretion, the Court finds and concludes that a bill of particulars is not required or called for under the circumstances. Accordingly, it is hereby

ORDERED that the Motion for Bill of Particulars,[11] is denied.

---

[9](...continued)
*Stockman*, 2010 WL 1409446 at *2, n. 2 (the discovery provided the defendant with sufficient information to enable him to prepare his case for trial and to prevent double jeopardy).

[10] *See Bradley*, 2010 WL 1409447 at **1-3.

[11] *See* Dkt. No. 22.

Dated this 24th day of September, 2013, at Pierre, South Dakota.

BY THE COURT:

_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE